JAMES K PREWITT, Judge,
dissenting.
I respectfully dissent. I think it is clear what the parties to the deed, including appellant, intended. I believe the deed is effective as a deed in general, and it is not prohibited by the beneficiary deed statute cited and relied on in the majority opinion. There is no question about delivery, as the deed was recorded, which establishes a presumption of delivery.
I think that the reference to the repealed statute has no effect except as it tends to reflect the intent of the grantors. Considering the deed as a whole, when the parties clearly intended to create a life estate in appellant, the later reference to “title” must mean the fee would not effectively be in respondent until both grantors had died. “Title” in this situation appears to be ambiguous, and its meaning can only be reconciled with the obvious intentions of the parties that respondent would not have the right to possession and full “title” to the property until the death of both grantors.
I do not believe that there is anything in the beneficiary statute effective at the time of the deed that prohibits such a deed as made by the parties. I would, therefore, give it the effect that the parties intended and affirm the judgment.